## THE STATE v. WILLIAM BASS.

The action of the District Court relative to the granting of new trials, in criminal causes, cannot be reviewed by the Supreme Court, unless brought before it in such a mode as to present for solution an unmixed question of law.

When the prisoner provokes an inquiry into the character of the deceased, he cannot complain that the State, on re examination, seeks to obtain from the same witness evidence of a general character calculated to rebut the unfavorable impression produced by the answers of the witness to the prisoner's questions.

The prosecuting officer always has the right to open the argument of the cause. If the prisoner offer no evidence, it seems that it is usual for the argument to cease with the reply of his counsel to the argument of the prosecuting officer. But the prisoner's counsel is not entitled to open the argument upon the merits before the jury, in any case, as a matter of right.

APPEAL from the District Court, Seventh District, Parish of East Feliciana. *Watterson*, J., presiding. *Moïse*, Attorney General. *Muse*, for appellant.

SPOFFORD, J. The action of the District Courts relative to the granting of new trials, in criminal cases, cannot be reviewed by this Court, unless brought before it in such a mode as to present for solution an unmixed question of law. Const., Art. 62. *State* v. *Johnson*, ante, p. 422.

We must therefore confine our attention in this case to the two bills of exceptions.

I. The prisoner complains that the court erroneously admitted evidence touching the general character of the slave whom he was accused of killing.

It is true, as a general rule, that evidence in regard to the character of the person on whom the offence was committed, is inadmissible. 3 Green Ev., p. 27. But, in this case, the defendant's counsel opened the subject by inquiring into the character of the slave and eliciting answers from one of the witnesses for the prosecution in cross-examination, which had a tendency to cause the jury to form an unfavorable estimate of his general character; if objected to, such evidence could not have been received; but the party who provoked it certainly cannot complain that the State, on a re-examination, sought from the same witness evidence, of a general character, calculated to rebut this unfavorable impression.

II. The prisoner's counsel having adduced no evidence, except by cross-examining the witnesses for the prosecution, claimed the right to open and close the argument of the cause, which the court refused, and the counsel took a bill of exceptions.

He asked too much. The prosecuting officer always has the right to open the argument of the cause. The burden is on the State to make out a case of guilt. If the prisoner chooses to rest his defence upon the weakness of the State's proof, and to offer none himself, it seems that it is usual for the argu-

ment to cease with the reply of his counsel to the argument of the prosecuting officer. 1 Chit., Cr. Law, *p. 627. ' 2 Bay, 451, *State* v. *Brisbane*. But the prisoner's counsel is not entitled to open the argument upon the merits before the jury, in any case, as a matter of right.

Judgment affirmed with costs.